**Estate of Suriano**

*Leonard Spear,* for petitioner.
*Allen L. Feingold,* in propria persona.

O'BRIEN, *J.,* March 8, 1995—Exceptions have been filed by Allen L. Feingold, Esquire to the opinion and decree of Kathryn S. Lewis, A.J., dated May 16, 1994. The chancellor directed Feingold to turn over to the petitioner-administrator $2,752.90 from a $6,000 settlement recovered in a personal injury claim of the decedent.

Feingold, on the basis of a contingent fee agreement for 50 percent of the recovery, now claims the entire sum as fees and costs.

At the trial on December 11, 1993, Feingold attempted to justify retaining the entire recovery on the basis that after he lost track of decedent, the administratrix, daughter of the decedent, would not reveal the whereabouts of her mother.

Feingold stated the basis of this controversy as follows:

"This case is about should the people (administratrix and her husband) who caused 50 percent of the problem and the expense and the lost profit by the aggravation and the work that it caused me to do, should they profit. That is what it is about." (N.T. p. 177.)

Feingold called as a witness James Atz, husband of the administratrix, whom he once represented in an accident case, as on cross-examination. Atz testified that Feingold tried to cheat him out of money recovered in a settlement on his behalf, and that he had to incur the expense of engaging another lawyer to compel Feingold to disgorge his funds. (N.T. pp. 53, 54.) This case appears to be a rerun of that scenario.

Following the adage: "Once burnt, twice shy," the administratrix and her husband attempted to avoid any entanglement with Feingold.

The chancellor described Feingold's pursuit of the administratrix and her husband as a "crusade" to force them to reveal the location of decedent. Feingold unleashed a veritable shower of investigations, subpoenas, multiple motions, depositions and court orders in a campaign of harassment which can only be explained as personal revenge since the time and expense incurred outweighed the sum of money involved.

Feingold expressed justification for his conduct by the following testimony:

"Your honor, if there is a way to win for a client, if there is a way to proceed, if there is a way to complete a case, I will do it." (N.T. p. 176.)

Much can be said for zeal in a lawyer but in this instance, admiration must be tempered by the fact that Feingold claims *all* the settlement funds for himself. The heirs of the client have for their portion and satisfaction only the experience of being fanatically hunted down and harassed.

The chancellor in her opinion sorted through a great deal of irrelevant, peculiar and twisted testimony adduced by Feingold as litigant and attorney. The chancellor has had the opportunity to evaluate the credibility of the witnesses and, after arriving at factual findings which are amply supported by the record, rendered a fair and balanced decision set forth in a detailed opinion without regard to the animosity which exists among the litigants.

The opinion rendered by the chancellor, who allowed great leeway in the presentation of evidence and records spread over 200 pages of transcript, meticulously con-

sidered the facts and reached precise, definitive findings which left no warped reasoning or bizarre contention unanswered.

The function of the court en banc is not to retry the case, nor reassess the credibility of the witnesses, but to determine whether the decision of the chancellor in reaching the findings and opinion is supported in the record. Where there is a rational connection between the evidence and the findings, the court en banc will not overturn the decision of the chancellor. *Estate of Cooper,* 351 Pa. Super. 482, 506 A.2d 451 (1986).

An examination of the record here confirms the decision of the chancellor. The opinion and decree of the chancellor is hereby affirmed.

### ORDER

And now, March 8, 1995, the exceptions filed by Allen L. Feingold, Esquire, to the opinion and decree of Lewis, A.J. dated May 16, 1994 are dismissed. The opinion and decree are affirmed by the court.